**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Ernesto Pena, Jr.,                                                  Case No. 3:15CV1151

               Petitioner

       v.                                                                  **ORDER**

Neil Turner, Warden,

               Respondent

This is a state prisoner's habeas corpus case under 28 U.S.C. § 2254.

The petitioner, Ernesto Pena, Jr., seeks relief from his conviction, in the Common Pleas Court of Lucas County, Ohio, of felonious assault and the corresponding six-year prison term.

Pending is Magistrate Judge Burke's Report and Recommendation, which recommends I deny Pena's motion for a stay and grant his motion to dismiss the petition without prejudice. (Doc. 13).

Because neither Pena nor the Warden has filed an objection, I will adopt the R&R as the order of the court and dismiss the petition without prejudice. In doing so, I make two further observations.

First, Pena has not demonstrated "good cause" for a stay, such that it would proper for me to hold the petition in abeyance while he returns to the Ohio courts to litigate a state habeas petition. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). Indeed, the claims Pena wishes to litigate in state

habeas proceedings – even assuming they are, in fact, unexhausted[1] – are claims he could have, and should have, raised on direct appeal or in a motion to reopen under Ohio R. App. P. 26(B).

Second, the voluntary dismissal Pena requests is likely to prevent him from returning to federal court and filing a timely habeas petition.

AEDPA imposes a one-year limitations period, *see* 28 U.S.C. § 2244(d), and my "back of the envelope" calculations suggest most, if not all, of Pena's year to file has expired.

But Pena was apparently aware of the limitations period before he filed his petition. (Doc. 9 at 2) ("The Petitioner filed this petition so that he would not be untimely as the Ohio Supreme Court denied his delayed appeal on June 26, 2014[.]"). Magistrate Judge Burke was careful, moreover, to warn Pena of the one-year limitations period, and of the fact the clock did not stop running when Pena filed his § 2254 petition.

Nevertheless, Pena has not objected to the R&R or given any indication he wishes to reconsider his motion for voluntary dismissal.

Accordingly, I will adopt the Magistrate Judge's recommendation to dismiss, on Pena's request, his petition without prejudice. *Cf. Aamot v. Kassel*, 1 F.3d 441, 443 (6th Cir. 1993) (if defendant does not file answer or summary-judgment motion, "the court has no discretion to deny" plaintiff's request to dismiss case without prejudice); *see also Aleman v. Hudson*, 2008 WL 821091, *1 (N.D. Ohio) (Zouhary, J.) (granting petitioner's motion for voluntary dismissal without prejudice where respondent had not filed answer or summary-judgment motion).

It is, therefore,

---

[1] This is a difficult determination to make, as Pena has provided little factual detail to flesh out these "unexhausted" claims. (Doc. 11 at 2-3).

ORDERED THAT:

1.      The Magistrate Judge's Report and Recommendation (Doc. 13) be, and the same

        hereby is, adopted as the order of the court; and

2.      Pena's petition for a writ of habeas corpus (Doc. 1) be, and the same hereby is,

        dismissed without prejudice.

So ordered.

                                        /s/ James G. Carr
                                        Sr. U.S. District Judge